IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HEATHER MERCADO**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-608-L** |
| | § | |
| **PYRAMID CONSULTING, INC., and** | § | |
| **TIM HOLT,** | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand Case to State Court, filed March 7, 2013. After careful consideration of the motion, response, reply, record, telephonic conference held today, and applicable law, the court **denies** Plaintiff's Motion to Remand Case to State Court.

## I.    Factual and Procedural Background

Heather Mercado ("Plaintiff" of "Mercado") originally filed this action against Pyramid Consulting, Inc. ("Pyramid") on December 21, 2012, in County Court at Law Number 4, Dallas County, Texas. She sued for unlawful sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; and sexual discrimination and retaliation pursuant to the Texas Commission on Human Rights Act ("TCHRA").

On February 6, 2013, Pyramid removed the action to federal court pursuant to 28 U.S.C. § 1441(a), contending that the court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332(a) (diversity jurisdiction). Plaintiff amended her pleadings on April 3, 2013, and added Tim Holt ("Holt") as a defendant.

During the telephonic conference held on May 30, 2013, Plaintiff's counsel, Mr. Richard J. Deaguero, informed the court that his client was still asserting claims under Title VII and that they remained part of the lawsuit. In addition to the Title VII claims, Plaintiff asserts claims for sexual harassment and retaliation under TCHRA against both Defendants, and common law claims of assault and intentional infliction of emotional distress against Holt. Plaintiff seeks a remand, contending that state courts have concurrent jurisdiction with federal courts with respect to Title VII claims and that Pyramid failed to establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. As the court determines that this motion can be decided on the basis that a federal question exists, it declines to address Plaintiff's argument that the amount-in-controversy requirement has not been met.

**II.    Discussion**

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to federal district court if the district court has original jurisdiction over the action. A federal district court has original jurisdiction over civil actions that arise under the United States Constitution, a treaty, or a federal statute. 28 U.S.C. § 1331. Title VII is a federal statute, and this court therefore has original jurisdiction to hear the action. Moreover, Title VII provides that "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e-5(f)(3). Accordingly, that this court has jurisdiction to entertain this action cannot be seriously questioned.

Mercado's argument regarding concurrent jurisdiction is without merit. Her reliance on *Yellow Freight System, Incorporated v. Donnelly*, 494 U.S. 820 (1990), is misplaced. *Donnelly* simply held that "Congress did not divest state courts of their concurrent authority to adjudicate

federal claims." *Id.* at 823. That concurrent jurisdiction exists between federal and state courts to hear Title VII claims in no way precludes a defendant from removing such an action from state court to federal court. As Congress has not prohibited such removals, a defendant has the right to remove Title VII claims, notwithstanding the existence of concurrent jurisdiction. *See* 28 U.S.C. § 1441(a).

Finally, Plaintiff's argument that Holt's presence in this lawsuit, a nondiverse defendant, destroys diversity jurisdiction is also without merit. The court has determined that it has jurisdiction because of a claim asserted by Plaintiff under federal law, and the presence of an in-state defendant regarding diversity of citizenship is quite beside the point in deciding whether a district court has federal question jurisdiction.

### III. Conclusion

For the reasons herein stated and those stated on the record in open court on May 30, 2013, this court has original jurisdiction to hear Plaintiff's Title VII claims, and Pyramid was authorized by statute to remove this action. Accordingly, the court **denies** Plaintiff's Motion to Remand Case to State Court.

**It is so ordered** this 30th day of May, 2013.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge